UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCIANO SAGRERO-PEREZ,

Petitioner,

v.

BRUCE SCOTT; and MARKWAYNE
MULLIN,

Respondents.

C26-0932 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1, and the undecided portion of a motion for a temporary restraining order ("TRO"), docket no. 7. Having reviewed all papers filed in support of, and in opposition to, the habeas petition and the motion for a TRO, including additional materials submitted in response to the Minute Order entered April 14, 2026, docket no. 15, the Court enters the following Order.

**Background**

Petitioner Luciano Sagrero-Perez is a citizen of Estados Unidos Mexicanos (Mexico). Correa Decl. at ¶ 3 (docket no. 12). In 2001, after an encounter with United States Border Patrol agents, petitioner voluntarily returned to Mexico. _Id._ In 2006, immigration officers discovered petitioner in Whatcom County Jail after his arrest for a

ORDER - 1

traffic offense, and they served him with a Notice to Appear. *Id.* at ¶ 4. In 2007, petitioner was removed to Mexico pursuant to a stipulated order of removal. *Id.* at ¶ 7. In 2015, petitioner was detained and placed into "withholding only" proceedings after an asylum officer with U.S. Citizenship and Immigration Services ("USCIS") concluded that petitioner had a reasonable fear of removal to Mexico. *Id.* at ¶¶ 8–10. In 2016, the "withholding only" proceedings were terminated and the prior removal proceedings (from 2006–07) were reopened. *Id.* at ¶ 12. In 2017, petitioner was conditionally released on a $17,000 bond. *Id.* at ¶ 13; Ex. I to Andrade Decl. (docket no. 11-9). In 2024, on a unilateral motion brought by the U.S. Department of Homeland Security ("DHS"), the reopened removal proceedings were dismissed.[1] *See* Exs. A & B to Currie Decl. (docket no. 2); *see also* Correa Decl. at ¶ 14 (docket no. 12) (erroneously indicating that the dismissal was pursuant to a "joint" motion).

In May 2025, petitioner was convicted of reckless driving in Whatcom County.[2] *See* Pham Decl. at ¶ 4 (docket no. 16). Based solely on this conviction, in October 2025, Scott Pham, a Supervisory Detention and Deportation Officer ("SDDO")[3] employed by

---

[1] The dismissal of the removal proceedings had the effect of transferring jurisdiction to USCIS over petitioner's apparently then-pending asylum application. *See* 8 C.F.R. §§ 208.2(a)(1)(i) & 1208.2(a)(1)(i).

[2] According to DHS, petitioner also has convictions for misdemeanor assault (domestic violence) and for hit and run, both from 2007. Exs. F & J to Andrade Decl. (docket nos. 11-6 & 11-10). Respondents make no contention that petitioner is inadmissible or deportable by reason of his convictions or is subject to mandatory detention under 8 U.S.C. § 1226(c).

[3] An SDDO is among the types of immigration officers who, after successfully completing certain training, may issue arrest warrants. *See* 8 C.F.R. §§ 236.1(b)(1) & 287.5(e)(2)(xxxii).

ORDER - 2

DHS, Immigration and Customs Enforcement ("ICE"), issued a warrant for petitioner's arrest. *Id.* The arrest warrant issued by SDDO Pham reads in relevant part:

> I have determined that there is probable cause to believe that Sagrero-Perez, Luciano is removable from the United States. This determination is based upon . . . statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate [sic] the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

Ex. A to Andrade Decl. (docket no. 17-1).

On the morning of March 12, 2026, an ICE Enforcement and Removal Operations ("ERO") team based in Ferndale surveilled petitioner's residence in Bellingham. *See* Ex. J to Andrade Decl. (docket no. 11-10 at 3). They observed petitioner leave the home and drive away in a car labeled Axiom Construction. *Id.* (docket no. 11-10 at 3–4). Approximately eight minutes later, the ERO team initiated a vehicle stop and arrested petitioner. *Id.* (docket no. 11-10 at 4). The only basis for the arrest was the pending warrant. *See id.* At the time, petitioner had a pending asylum (I-589) application, *id.*, no removal proceedings were in progress, and no notice to appear had been issued.

On March 18, 2026, this habeas proceeding commenced. *See* Pet. (docket no. 1). On March 26, 2026, the Court provisionally granted a motion for a TRO, prohibiting respondents from removing petitioner to any other country and from transporting him to any facility outside the Western District of Washington, pending further Order of the Court. *See* Order at 2–3, ¶¶ 2 & 4 (docket no. 9). Petitioner now seeks release from the Northwest ICE Processing Center ("NWIPC") on grounds that the arrest warrant was invalid and he was stopped and detained in violation of his rights under the Due Process Clause of the Fifth Amendment. Respondent DHS Secretary Markwayne Mullin argues

ORDER - 3

that petitioner's habeas relief should be limited to a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), *appeal filed*, No. 25-6842 (9th Cir. Oct. 28, 2025).  *See* Return at 5–7 (docket no. 10).

**Discussion**

The Immigration and Nationality Act ("INA") authorizes the Attorney General to issue a warrant, arrest an alien, and detain such alien "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  An individual may be arrested and taken into custody under the authority of Form I-200 (Warrant for Arrest) ***only*** "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed."  8 C.F.R. § 236.1(b)(1); *see Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("The Attorney General may issue a warrant of arrest *concurrently* with the notice to appear." (emphasis added)); *see also Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) ("a warrant is a necessary condition to justify discretionary detention" under § 1226(a)).  Importantly, no notice to appear was issued to petitioner prior to his arrest.

The October 2025 warrant referred to alleged "statements made voluntarily by the subject to an immigration officer," as well as "other reliable evidence" indicating removability, but (i) no removal proceedings were pending at the time the warrant issued or when petitioner was arrested, (ii) the traffic-offense conviction on which the warrant was premised did not constitute a basis for removal, and (iii) petitioner had a pending asylum application at the time of his arrest.  Both the issuance and execution of the October 2025 warrant violated DHS's own regulations.

ORDER - 4

The ICE ERO team that apprehended petitioner cited no basis other than the October 2025 warrant for stopping petitioner's vehicle or for arresting him. Given the invalidity of the warrant, the Court must assess whether the manner in which petitioner was re-detained comports with due process. This question must be analyzed pursuant to the three-part standard set forth in _Mathews v. Eldridge_, 424 U.S. 319 (1976). _See G.S. v. Hermosillo_, No. C25-2704, 2026 WL 179962, at *2 (W.D. Wash. Jan. 22, 2026) (collecting cases). All three _Mathews_ factors weigh in petitioner's favor: (i) he has a protected liberty interest in not remaining in custody at NWIPC, (ii) the absence of pre-deprivation procedures created an unacceptably high risk of erroneous deprivation, and (iii) the governmental interest in petitioner's re-detention without a hearing is minimal or non-existent. _See id._ at *3; _P.T. v. Hermosillo_, No. C25-2249, 2025 WL 3294988, at *2–4 (W.D. Wash. Nov. 26, 2025); _see also Yildirim v. Hermosillo_, No. C25-2696, 2026 WL 111358, at *4 (W.D. Wash. Jan. 15, 2026) (noting that any factual disputes related to the justification for the petitioner's re-detention should have been resolved at a pre-deprivation hearing, not after-the-fact during habeas proceedings).

SDDO Pham has himself indicated that petitioner's arrest in January 2025 for driving under the influence, which resulted in his conviction for reckless driving, was "low priority." Pham at ¶ 3 (docket no. 16). ICE ERO's change in "enforcement priorities," _see id._ at ¶ 4, is neither logical (in light of petitioner's subsequent conviction for a less serious traffic offense) nor sufficient to justify the deprivation of petitioner's liberty without notice and an opportunity to be heard. No contention has been made that petitioner's whereabouts were unknown, that petitioner has been recalcitrant, or that

ORDER - 5

petitioner could not have simply been served with a notice to appear for immigration proceedings in an out-of-custody manner.  Moreover, no showing has been made that detention authority was properly exercised under INA § 236 (8 U.S.C. § 1226), and Secretary Mullin's view that INA § 235(b)(2) applies has, as he admits, already been rejected.  _See_ Return at 5 (docket no. 10) (citing _Rodriguez Vazquez_, 802 F. Supp. 3d at 1336, and _Maldonado Bautista v. Santacruz_, No. 25-CV-1873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), _modified_, 813 F. Supp. 3d 1084 (C.D. Cal. 2025)).  _Mathews_ serves as a "crucial bulwark" against the type of "unfettered disregard of individual liberty interests" displayed in this case, _see G.S._, 2026 WL 179962, at *3, and it supports the requested habeas relief of release from ICE's detention facility.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 1, is GRANTED, and respondents shall immediately RELEASE petitioner Luciano Sagrero-Perez from custody at the NWIPC;

(2)     Within twenty-four (24) hours of the entry of this Order, respondents shall file a declaration confirming that petitioner has been released from custody;

(3)     Respondents, DHS and all of its operational and support components, including ICE, and all DHS officials and personnel, including all ICE employees, are hereby ENJOINED from re-detaining petitioner, or subjecting petitioner to electronic monitoring, without at least seven (7) days' advance written notice and a pre-deprivation

ORDER - 6

hearing before a neutral decisionmaker unless probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense;

(4)     After the declaration required by Paragraph 2, above, has been filed, the Clerk shall STRIKE as moot petitioner's motion for a TRO, docket no. 7, ENTER judgment consistent with this Order, and SEND a copy of this Order and the Judgment to all counsel of record.  Petitioner may submit an application for attorney's fees and costs under the Equal Access to Justice Act within thirty (30) days after the judgment becomes final.  *See* 28 U.S.C. § 2412(d)(1)(B).

IT IS SO ORDERED.

Dated this 11th day of May, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 7